IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GARY D. FOBAIR, JR.,** Inmate #
**20995-045,**

    Petitioner,

                     No. 11-cv-361-DRH

vs.

**JAMES N. CROSS,**

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

    Petitioner, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. He asserts that he should receive credit against his federal sentence for time served in state and federal custody prior to the date his federal sentence was imposed.

    Following a drug task force investigation, petitioner was sentenced to a three year term of imprisonment for a state "fleeing and eluding" conviction in Missouri. He began serving that sentence in March 2008 (Doc. 1, p. 8). He was later transferred to federal custody in September 2008 (Doc. 1, p. 8), and entered into a guilty plea agreement on the federal charge of conspiracy to distribute

methamphetamine on January 27, 2009.[1] (Doc. 249 in *United States v. Fobair*, No. 08-cr-00080-HFS-10 (W.D. Mo., filed April 10, 2008)). On November 19, 2009, the Federal District Court of the Western District of Missouri sentenced petitioner to 76 months, to be served concurrently with his state sentence (Doc. 1, p.10; *see also* Docs. 443 and 444 in criminal case).

Petitioner argues that he should be given credit against the 76-month sentence for the time he was incarcerated between February 4, 2008, and November 17, 2009, part of which was spent in state custody; or in the alternative that he receive credit for the period from April 13, 2009, the date he would have completed his state sentence, to November 17, 2009. The Bureau of Prisons notified petitioner of their denial of his request for sentence credit on August 27, 2010. Petitioner filed the instant application for habeas relief on May 4, 2011.

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United

---

[1] Petitioner alleges the plea agreement was reached in March 2009 (Doc. 1, p. 8).

States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

Signed this 29th day of November, 2011.

David R. Herndon
2011.11.29
16:19:04 -06'00'

**Chief Judge**
**United States District Court**