IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY D FOBAIR, JR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No.: **3:11-cv-00361-DRH-PMF** |
| ) | |
| JAMES N CROSS, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is petitioner Gary D. Fobair, Jr.'s Section 2241 petition for a writ of habeas corpus (Doc. 1). Fobair is presently incarcerated at the United States Penitentiary in Greenville, Illinois ("USP Greenville"). Respondent James N. Cross has filed a response (Doc. 13) to the writ, and the petitioner has filed a reply (Doc. 19) to that response. For the following reasons, it is recommended that the petition (Doc. 1) be denied and this habeas litigation be dismissed.

### I. BACKGROUND

On February 23, 2006, the petitioner, Gary D. Fobair, Jr., was convicted of Burglary in the Second Degree (Case No. 05CR2789) in the State of Missouri and sentenced to four (4) years of confinement. *See* Doc. 13-1 at 3 ¶ 4. Fobair was paroled from the Burglary conviction on December 8, 2006. *See id*. On January 22, 2008, Fobair was arrested by state authorities in Buchannan County, Missouri, for Resisting Arrest (Case No. 08CR00168). *See id*. ¶ 5. Fobair's parole was revoked on the 2006 state Burglary conviction on Febuary 4, 2008, and he was received by the State of Missouri Department of Corrections ("Missouri DOC") that same day. *See id*. ¶ 6; Doc. 1-1 at 2. On March 20, 2008, Fobair was sentenced in Missouri to three (3)

1

years of imprisonment on the state Resisting Arrest charge. *See* Doc. 13-1 at 3 ¶ 7. Under Missouri law, Fobair was eligible for a minimum mandatory prison term of forty (40) percent of that sentence, which, if granted, would have placed Fobair's release date at April 13, 2009. *See* Doc. 1-1 at 1. If Fobair were to serve his full sentence, however, his release date would have been July 5, 2011. *See* Doc. 13-1 at 15.

On August 20, 2008, Fobair was indicted on federal charges in the Western District of Missouri. *See id*. at 3 ¶ 8. On September 15, 2008, the United States Marshals Service took custody of Fobair on a writ of habeas corpus ad prosequendum while he was incarcerated by the Missouri DOC. *See* Doc. 13-1 at 7-8. Fobair plead guilty on January 27, 2009, to Count 1 of the Superseding Indictment, conspiracy to distribute more than fifty (50) grams of methamphetamine (21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846). *See U.S. v. Fobair*, Case No. 4:08-80-HFS (W.D.Mo., Dec. 2, 2009) (Doc. 444). On November 17, 2009, Fobair was sentenced pursuant to the Sentencing Reform Act of 1984 to 76 months imprisonment, five (5) years of supervised release, and monetary penalties. *Id*. at 1-2. The term of imprisonment for Fobair's federal charge was ordered "to be served concurrently to the undischarged terms of imprisonment in Buchannan County Case Nos. 05CR2789 and 08CR00168." *Id*. at 2.

Fobair was taken to Bonnville Correctional Center ("BCC") while in federal custody on December 18, 2009, where he signed an order of release on parole from the Missouri DOC for his state charges. *See* Doc. 13-1 at 15-16. Fobair is presently incarcerated at USP Greenville. *See id.* at 6. His projected release date is May 24, 2015. *See id.* at 6. On May 4, 2011, Fobair filed the instant writ of habeas corpus (Doc. 1) requesting relief concerning the execution of his

sentence pursuant to 28 U.S.C. § 2241.[1] Fobair requests, generally, that the Court order a reduction to his federal sentence because it was improperly calculated. *See* Doc. 1. More specifically, Fobair requests time served credit from February 4, 2008, through November 17, 2009 or, alternatively, credit from April 13, 2009 through November 17, 2009. *See id*. at 7.

## II. DISCUSSION

Fobair may obtain habeas corpus relief under 28 U.S.C. § 2241(b)(3) if he is being held in federal custody in violation of the Constitution or laws of the United States. Fobair submits three grounds in his petition for why he is entitled to the requested relief, which are summarized as follows:

1) Ground 1: Petitioner is entitled to credit on his federal sentence for a period equal to the time he was first incarcerated at BCC (February 4, 2008) until the imposition of the sentence on his 2008 federal charge (November 17, 2009) because he received a judgment in his federal case for his federal sentence to run concurrently with his state sentences, his 2008 state charge for resisting arrest and his 2008 federal charge for conspiracy to distribute methamphetamine consisted of two separate prosecutions for a single pattern of illegal activity, and he should only have to serve a single term of 76 months imprisonment.

2) Ground 2: Petitioner is entitled to credit on his federal sentence for a period equal to the time he would have been released on parole from the Missouri DOC if he had not been in federal custody (April 13, 2009) until the imposition of the sentence on his 2008 federal charge (November 17, 2009) because he received a judgment in his federal case for his federal sentence to run concurrently with his state sentences and the only reason he was not released on parole from the Missouri IDOC on April 13, 2009, was because he was in federal custody, which effectively resulted in him serving a consecutive sentence.

---

[1] The respondent concedes Fobair exhausted his available administrative remedies for the issues raised in his petition. *See* Doc. 13 at 4. However, Fobair raised a new issue in his reply that does not appear to have been raised in his administrative requests. Specifically, Fobair requests that the Court order the BOP to make nunc pro tunc designation of his state institution as the place where his federal sentence was being served. Because this issue was not raised in the administrative process, it would be improper for the Court to consider this request.

3

3) Ground 3: Congress unconstitutionally delegated too much authority to the U.S. Bureau of Prisons ("BOP"), rather than the sentencing court, to calculate the sentences of prisoners and thereby creating a "perverse incentive" for the BOP to manipulate federal sentences in order for prisoners to serve more time in institutions under its control for "self-serving interests."

The respondent has submitted an argument that attempts to set out the basis for the calculation of Fobair's sentence, which he believes to be properly calculated. *See* Doc. 13. The crux of the respondent's argument is that, under federal statutory law, Fobair's sentence properly commenced on November 17, 2009, because all of the time Fobair spent in federal custody was awarded as credit toward his state sentences, and, accordingly, Fobair is not eligible for prior custody credit against his federal sentences.

A. **Applicable Sentencing Law**

The BOP may not award prior custody credit when that credit has been applied to another sentence. *See Matthews v. Hollingsworth*, Case No. 09-cv-234, 2010 WL 3155964, 2 (S.D.Ill., Jul. 12, 2010) (citing *U.S. v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000); *Grigsby v. Bledsoe*, 223 Fed.Appx. 486, 489 (7th Cir. 2007); *see also Oliver v. Revell*, Case No. 07-358, 2008 WL 2941153, 2 (S.D.Ill., Jan. 14, 2008). The controlling federal statute providing the basis of the calculation of a term of imprisonment provides as follows:

> § 3585. Calculation of a term of imprisonment
>     (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>     (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>         (1) as a result of the offense for which the sentence was imposed; or
>         (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

4

18 U.S.C. § 3585. Under the plain language Section 3585(a), the earliest date a prisoner's federal sentence can commence is the date of sentencing, unless the prisoner is awarded credit for prior custody pursuant to Section 3585(b). *See id*. The plain language of Section 3585(b) requires that a prisoner receive "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed … *that has not been credited against another sentence. Id*. § 3585(b)(1) (emphasis added).

### B. Fobair's Sentence Calculation

Fobair's federal sentence was properly calculated pursuant to the plain language of Section 3585. There is no dispute that Fobair was in official custody of the federal government as of September 15, 2008, prior to the commencement of his federal sentence on November 17, 2009, as a result of the offense for which the sentence was imposed. Fobair may have been eligible for prior custody credit on his federal sentence if was not serving his state sentences while he was in federal custody at that time. *See id*. The fact remains, however, that Fobair was not released on parole from the Missouri DOC until December 18, 2009, a month after he was sentenced on his federal charge. *See* Doc. 13-1 at 15-16. As a result, Fobair's state and federal sentences did run concurrently, as ordered by the sentencing judge, even if it was a relatively short period of time, and he received credit toward his state sentences for the time he spent in federal custody awaiting sentencing on his federal charge. Because Fobair received credit toward his state sentences for the time he was in federal custody prior to his sentencing on the federal charge, he is not eligible for prior custody credit toward his federal sentence under the plain language of Section 3585(b). *See* 18 U.S.C. § 3585(b).

### C. Fobair's Other Arguments

Fobair argues that his 2008 state and federal charges consist of two separate prosecutions for a single pattern of illegal activity, and he should only have to serve a single term of 76 months imprisonment. Fobair highlights the fact that his federal charges arose in connection to being arrested for his illegal activity (fleeing and alluding) that gave rise to his state charges. *See* Doc. 1 at 8. He claims that his state charge of fleeing and alluding stemmed from a drug task force investigation that ultimately lead to his federal drug charge. *See id*. As support for this argument, Fobair urges the Court to consider that he received a sentence enhancement on his federal sentence as a result of his state conviction for fleeing and alluding. *See id*. The fact that Fobair committed the Missouri state crime of fleeing and alluding in connection with being investigated for suspected illegal activity under federal law does not mean that Fobair was subject to two separate prosecutions for a single pattern of illegal activity. Fobair was prosecuted for two completely dissimilar crimes, and he has not presented the Court with any authority that such prosecutions are in any way impermissible (nor could he). Additionally, there is nothing unusual about the sentencing court enhancing the federal sentence of an offender based on previous criminal convictions. *See* U.S. SENTENCING GUIDELINES MANUAL § 4A1.1. This argument should fail.

Next, Fobair argues that he would have been released on April 13, 2009, if he had not been in federal custody, and he should receive prior custody credit on his federal sentence from April 13, 2009, through September 17, 2009. *See* Doc. 1 at 2. He offers a letter from the Missouri DOC in support of his argument. *See* Doc. 1-1 at 1. The letter provides that Fobair was eligible for a minimum mandatory prison term of forty (40) percent under Missouri law, which

would have placed his parole release eligibility date at April 13, 2009. *See id*. The letter goes on to inform Fobair that:

> However, because you were released to Federal Custody and [were] not physically in [the Missouri DOC] custody, your Parole date became the date you returned and signed your Parole orders. Please keep in mind, although this date was your 40% date, the Missouri Parole Board is not obligated to release you on that date.

*Id*. The fact that the letter states that because Fobair was in federal custody, his parole date became the date he returned and signed his parole orders does not mean that Fobair definitely would have been paroled on April 13, 2009. The statement, when considered in context, is taken to mean that Fobair's *eligibility* for his forty percent date *could not be evaluated* at that time because he was not physically present in the Missouri DOC for such an evaluation. Although Fobair is likely adamant he definitely would have been released from the Missouri DOC on April 13, 2009, the letter makes clear that the decision on the forty percent date is within the sound discretion of the Missouri Parole Board. *See id*. In the end, Fobair has no way of knowing that he definitely would have been released from the Missouri DOC on April 13, 2009. Thus, his legal argument relies on speculation and lacks merit.

Lastly, Fobair urges the Court to find that Congress has impermissibly delegated too much authority to the BOP to calculate federal sentences. *See* Doc. 1 at 12-13. He argues that the BOP has a "perverse incentive" to manipulate federal sentences in order for prisoners to serve more time in institutions under its control for the BOP's "self-serving interests." *See id*. Fobair argues that the decision to award proper credit for time served by a prisoner properly rests with the courts. *See id*. This argument also lacks merit. As provided above, Fobair's federal sentence was properly calculated pursuant to the plain language of 18 U.S.C. § 3585. The respondent has submitted to the Court the program guidance that BOP uses to calculate

sentences. *See* Doc. 13-1 at 17-18. This guidance merely interprets federal sentencing statutes. The BOP could not manipulate a prior custody credit even if it so desired because Section 3585(b) directs the BOP exactly how to calculate it. *See Ross*, 219 F.3d at 594. Accordingly, the Court fails to see how too much authority has been granted to the BOP to manipulate sentences. If a prisoner believes his or her sentence had been improperly calculated by the BOP, he or she has the right to petition the courts for relief. Here, Fobair has filed the instant Section 2241 petition for a writ of habeas corpus challenging the execution of his sentence. He has not demonstrated that he is entitled to such relief. Therefore, the petition should be denied.

### III. RECOMMENDATION

The materials submitted demonstrate that Fobair is not being held in custody in violation of the Constitution or federal law. He is not entitled to a writ of habeas corpus pursuant to 28 U.S.C. § 2241. It is recommended that the petition (Doc. 1) be denied and this habeas litigation be dismissed.

**SO RECOMMENDED.**

**DATED: March 23, 2012.**

*/s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE