IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GARY D. FOBAIR, JR.,

Petitioner,

v.

JAMES N. CROSS,

Respondent.                                         No. 11-cv-361-DRH-PMF

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I. Introduction and Background

This matter comes before the Court on Magistrate Judge Frazier's Report and Recommendation ("the Report") recommending that the Court deny Fobair's habeas corpus petition (Doc. 20). Fobair filed timely objections to the Report (Doc. 25). Based on the following, the Court **ADOPTS** the Report in its entirety and **DENIES** Fobair's motion for evidentiary hearing.

On May 4, 2011, Gary Fobair, an inmate at the Federal Correctional Institution in Greenville, Illinois, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Through his petition, Fobair claims (1) that his federal sentence should be reduced because he is entitled to time served credit from February 4, 2008 through November 17, 2009, or, alternatively, from April 13, 2009 through November 17, 2009, and (2) that the Bureau of Prisons ("BOP") manipulated Fobair's sentence and has been granted improper authority in determining not to award Fobair time

credits, as such authority should rest with the sentencing court. On January 27, 2012, Respondent filed a response to the habeas corpus petition, arguing that Fobair's sentence was properly calculated and that Fobair is not eligible for prior custody credit (Doc. 13). Fobair filed a reply on February 14, 2012 (Doc. 19).

Judge Frazier issued the Report finding that Fobair's sentence was properly calculated under 18 U.S.C. § 3585, that he was not eligible to receive time credits, and that the BOP properly acted within its authority in calculating Fobair's sentence (Doc. 20). Therefore, the Report recommends that the Court deny Fobair's 28 U.S.C. § 2241 petition for writ of habeas corpus. On April 30, 2012, Fobair filed objections to the Report (Doc.25).

Since timely objections have been filed, this Court must undertake *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may "accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999). In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id.*

## II. Facts

On February 23, 2006, Fobair was convicted by the state of Missouri for burglary in the second degree and sentenced to four years of confinement. Fobair was paroled from this conviction on December 8, 2006. Then, on January 22, 2008, Fobair was arrested by sheriff's deputies in Missouri for resisting arrest after he

initiated a high speed chase. Fobair's term of parole on his first conviction, the burglary conviction, was revoked on February 4, 2008, and he was received by the State of Missouri Department of Corrections the same day. Fobair was sentenced to three years of imprisonment by the state of Missouri on the state resisting arrest charge. Pursuant to Missouri law, Fobair was eligible for a minimum mandatory prison term of 40% of the three-year sentence, which would allow for his release on April 13, 2009. However, Fobair's release date would have been July 5, 2011 if he had served his full sentence.

Then, on August 20, 2008, Fobair was indicted in the Western District of Missouri on federal charges for conspiracy to distribute methamphetamine. Fobair was released from state custody to the United States Marshals Service pursuant to a federal writ for initial appearance in the methamphetamine case on September 15, 2008. On January 27, 2009, Fobair pled guilty to conspiracy to distribute more than fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846. He was then sentenced on November 17, 2009 to a 76-month imprisonment term, five years of supervised release, and monetary penalties. Fobair's federal prison term was ordered to be served concurrently to the two Missouri state sentences for burglary and resisting arrest. On December 18, 2009, Fobair, while in federal custody, signed an order of release on parole from the Missouri Department of Corrections for his state charges.

Currently, Fobair is imprisoned at the Federal Correctional Institution in Greenville, Illinois, and his projected release date is May 24, 2015. On May 4, 2011,

Fobair filed the petition for writ of habeas corpus raising the claim that his sentence was improperly calculated. Specifically, Fobair seeks (1) time served credit from February 4, 2008 through November 17, 2009, or alternatively, from April 13, 2009 through November 17, 2009, and (2) a finding that the BOP was granted improper authority in determining not to give Fobair credit for time served on his federal sentence.

### III. Legal Standard

28 U.S.C. § 2241(c)(3) allows Fobair to obtain habeas corpus relief if he is being held in federal custody in violation of the Constitution or laws of the United States. Further, habeas corpus allows a prisoner to challenge the duration of custody. *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 490, 500, 93 S. Ct. 1827, 1836, 1841, 36 L.Ed.2d 439 (1973); *Hanson v. Heckel*, 791 F.2d 93 (7th Cir. 1986) (per curiam)). Since Fobair challenges the calculation of the duration of his custody, habeas corpus is an appropriate remedy.

18 U.S.C. § 3585 provides the basis for calculating federal terms of imprisonment, Section (b) of which reads as follows:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

The Seventh Circuit has also made clear that § 3585(b) forbids the BOP from

giving prior custody credit when that credit has been applied to another sentence. *See Gigsby v. Bledsoe*, 223 Fed.Appx. 486, 489 (7th Cir. 2007); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). In *Gigsby*, the Seventh Circuit determined that where the state credited the petitioner for time spent in custody before the commencement of his federal sentence, he was not entitled to the same benefit from the BOP merely because his subsequent federal sentence was ordered to run concurrently. *Gigsby*, 223 Fed.Appx at 489.

## IV. Analysis

### A.     Fobair is not entitled to receive prior custody credit to his federal sentence.

Fobair was first held in federal presentence custody on September 15, 2008. His federal sentence began on November 17, 2009. As noted in the Report, had Fobair not been serving his state sentence while in federal custody from September 2008 through November 2009, he may have been eligible for prior custody credit on his federal sentence. However, Fobair was not released on parole from the state of Missouri until December 18, 2009, and thus he received credit toward his state sentence for that time. Pursuant to 18 U.S.C. § 3585(b), Fobair is therefore ineligible for prior custody credit toward his federal sentence since his time spent in presentence federal custody was credited toward another sentence. Moreover, the BOP was *forbidden* from granting such credit, and it is irrelevant that Fobair's federal sentence was to run concurrently to his state sentence. *See Gigsby*, 223 Fed. App. At 489; *Ross*, 219 F.3d at 594.

In claiming that his federal sentence should be reduced, Fobair argues either (1) he is entitled to time credit from February 4, 2008 through November 17, 2009, or in the alternative (2) he is entitled to time credit from April 13, 2009 through November 17, 2009. The Court rejects both arguments.

### 1.     Time credit dating from February 4, 2008 is inappropriate.

Fobair first claims that he is entitled to credit on his federal sentence for a period from February 4, 2008, the date on which his term of parole in the burglary case was revoked and he was received by the Missouri Department of Corrections, until November 17, 2009, when his federal sentence began. In making this argument, Fobair contends that he is entitled to a reduction in his federal sentence for time spent in custody for his state sentence since the two crimes involve a "single pattern of illegal activity," for his federal charges arose in connection to being arrested for resisting arrest. In other words, Fobair claims that his state resisting arrest charge and his federal conspiracy to distribute charge consisted of the same illegal activity, and therefore Fobair should only be required to serve a single 76-month sentence, which he argues commenced when he first began serving his state sentence.

This argument fails. As stated by Magistrate Judge Frazier in the Report, "Fobair was prosecuted for two completely dissimilar crimes, and he has not presented the Court with any authority that such prosecutions are in any way impermissible (nor could he)." The Missouri state crime of resisting arrest and the federal crime of conspiracy to distribute methamphetamine are two entirely different offenses. They require entirely different elements to be proven and are prosecuted by

two entirely different jurisdictions. Just because Fobair's state crime led to his federal charges does not mean that he is entitled to time credit on his federal sentence for time spent serving his state sentence. Indeed, 18 U.S.C. § 3585(b) proves this impermissible. As Fobair was credited his time spent from February 4, 2008 through November 17, 2009 on his state sentence, he cannot be credited that time on his federal sentence.

In his objections to the Report, Fobair argues that Judge Frazier was mistaken in considering Fobair's charges dissimilar, for, as Fobair contends, the elements of resisting arrest are the same elements "that were part of the illegal activity that gave rise to the federal charges." This is incorrect. To commit the federal crime of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846, Fobair must have attempted or conspired to knowing or intentional manufacture, distribution, dispensation, or possession with intent to manufacture, distribute, or dispense methamphetamine, as described in 21 U.S.C. § 841. In contrast, to commit the Missouri offense of resisting arrest, Fobair, while possessing constructive knowledge that a law enforcement officer was attempting to lawfully detain or stop Fobair or his vehicle, must have resisted the arrest, stop, or detention either by threatening the use of physical force or violence or by fleeing from the officer. Mo. Ann. Stat. § 575.150. Thus, as Fobair had to have committed entirely different acts in order to be charged with the two crimes, the state charge and the federal charge are indeed entirely dissimilar. Fobair's contention that both activities occurred in the same sequence of events is irrelevant. Although Fobair attempts to suggest otherwise

in his objections, people can be, and frequently are, charged with different crimes stemming from the same event.

### 2. Time credit dating from April 13, 2009 is inappropriate.

Alternatively, Fobair argues that he should receive prior custody credit on his federal sentence from April 13, 2009, the earliest date on which he could have been released on his resisting arrest charge pursuant to the minimum mandatory prison term, through November 17, 2009. Fobair claims that the only reason he was not released on parole was because he was in federal custody. He seems to argue that, accordingly, his federal sentence should be reduced to account for the time he spent serving his state sentence in federal custody when he otherwise would have been paroled. This argument fails. The decision whether to release Fobair was entirely within the discretion of the Missouri Parole Board. There is no indication that the Missouri Parole Board would have released Fobair on April 13, 2009, and in fact, it would have been within the Board's sound discretion to require Fobair to serve his sentence in full, that is until July 5, 2011. Since the fact remains that Fobair was released on December 18, 2009, he is not entitled to time credit dating from April 13, 2009, for his time spent in federal custody was credited toward his state sentence.

In his objections to the Report, Fobair further argues that the reason he could not be physically present in the Missouri Department of Corrections for evaluation was because the federal government "unduly" maintained custody of him. Fobair asserts that the federal government "knowingly kept [him] in federal custody in order to keep [him] from receiving a parole eligibility hearing in State jurisdiction." Not only

does Fobair fail to support why he was kept "unduly," but his argument also fails because it was entirely within the federal government's authority to keep him in federal presentence custody, even if that meant he missed the opportunity to be evaluated by the state Parole Board.

### B.     The BOP has acted with proper authority in refraining from granting Fobair credit for time served on his federal sentence.

Fobair argues in his petition that the BOP's decision not to credit Fobair's federal sentence is self-serving and that authority has been improperly delegated to the BOP, rather than the sentencing court, to award the appropriate credit for time served. The Court rejects this argument for several reasons. First, courts have no authority in determining time credits, and they cannot apply 18 U.S.C. § 3585 at sentencing. *U.S. v. Wilson*, 503 U.S. 329, 333, 112 S. Ct. 1351, 1354, 117 L.Ed.2d 593 (1992); *U.S. v. McGee*, 60 F.3d 1266, 1272 (7th Cir. 1995). Indeed, the Seventh Circuit has held that it lacks jurisdiction to review computation of credit for this very reason. *McGee*, 60 F.3d at 1272.

Second, the Seventh Circuit has made clear that 18 U.S.C. § 3585 "*forbids* the BOP from giving credit for presentence custody when that credit has been applied against another sentence." *U.S. v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) (emphasis added). As Fobair was already credited by the state for time spent in custody before his federal sentence commenced, the BOP would be forbidden to give Fobair credit for that time on his federal sentence. Since the BOP has acted in accordance with § 3585(b), it has not acted without authority.

Third, even if the sentencing court did have the authority to give time credits, which it does not, the sentencing court could not do so. To give Fobair time credits on his federal sentence when that time has already been credited toward his state sentence would violate § 3585(b) and would thus be improper.

Lastly, the Court rejects Fobair's argument in his objections to the Report that the BOP manipulated his sentence by failing to return Fobair to state custody for his April 13, 2009 parole eligibility hearing. As explained above, it was entirely within the federal government's authority to keep Fobair in federal presentence custody, and doing so was not a manipulation of his sentence.

## V. Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 20) and **DENIES** Fobair's petition for writ of habeas corpus (Doc. 1). Thus, the Court **DISMISSES with prejudice** the petition and **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 3rd day of October, 2012.

Digitally signed by David R. Herndon
Date: 2012.10.03 15:08:53 -05'00'

**Chief Judge
United States District Court**